tiffs, who were infants at that time. No trust, object, or purpose or limitation is specified in the deed, which grants the land to the said Thaule, as such trustee, "to have and to hold the same unto the said party of the second part and his assigns, to his and their own proper use, benefit, and behoof." It seems to me that under this state of facts the plaintiffs were the real beneficiaries of the grant, and that the title to the land passed to and vested in them. See Bank v. Holden, 105 N. Y. 415, 11 N. E. 950. Section 73 of chapter 547 of the Laws of 1896, which is practically a re-enactment of 1 Rev. St. p. 728, §§ 49, 50, provides that every disposition of real property, whether by deed or by devise, if made to any person to the use of or in trust for another, vests no estate or interest, legal or equitable, in the trustee. In the deed in question the trust was one of those passive trusts, where the immediate possession and whole beneficial use of the land are given directly to the cestui que trust; the trustee being made, by the deed, the depositary of a mere naked title, with no active duties to perform in respect to the property. In such cases the whole estate vests in the beneficiary. See Dock Co. v. Stillman, 30 N. Y. 194. In the case at bar the trustee, George Henry Thaule, died in 1880; but his daughter swears that he told her that the property in question belonged to the plaintiffs, and that her mother said the same, and that she herself, as the heir at law of her father, never made any claim to the said property. I am of opinion that, under the state of facts disclosed by the evidence in this case, the objections of the defendant were not well founded, and that the plaintiffs are entitled to judgment for the relief demanded in the complaint.

Judgment for plaintiffs, with costs.

---

(27 Misc. Rep. 76.)

### In re GEARNS' ESTATE.

(Surrogate's Court, New York County.. April, 1899.)

1. ACCOUNTING—REFERENCE—AMENDMENT.
    In an accounting the referee may allow any amendment which does not include a transaction subsequent to the return day of the citation.
2. EXECUTORS—DECREE—VACATION.
    In an application against an executor to vacate decrees of accounting, applicant cannot object that the decrees do not provide for distribution. This must be done in an independent proceeding, to which all those interested in the fund are parties.
3. SAME—GUARDIAN—CREDITS.
    Where an executor had not turned over moneys to himself as guardian, expenditures for the support of the testator's children were properly credited in his account as executor.

Applications to revoke letters, open decree, etc. Denied.

Lenehan & Dowley, for petitioners.

Titus & Dowling, for respondents.

VARNUM, S. This matter was argued before Surrogate Arnold, and has since been submitted to me. The applications to vacate the decrees herein are based mainly on five grounds: (1) That the petitioner was never served with the citations; (2) that the account-

ings are fraudulent, and reveal gross errors; (3) that the referee had no power to permit an amended account to be made; (4) that the decrees do not provide for distribution; and (5) that the executor could not account as guardian while accounting as executor. A careful study of the affidavits submitted makes the conclusions inevitable that the petitioner was personally served with the citations. Furthermore, in going over the various accountings filed, I fail to find evidence sufficient to substantiate the allegations of fraud or error made by the petitioner, or to justify the vacating of the decrees herein made upon two accountings, both of which were contested, in part successfully, by the special guardian appointed by the court. So far as the third objection is concerned, the power of a referee to grant the same amendments that the surrogate himself may allow cannot be questioned. In an accounting the referee may allow any amendment which does not include a transaction subsequent to the return day of the citation. In re Odell's Estate (Sur.) 4 N. Y. Supp. 463; In re Munzer's Estate (Sur.) 25 N. Y. Supp. 818. If the petitioner desires to raise the question of distribution, let him take appropriate independent proceedings, bringing in all of the parties interested in the fund. The fifth objection urged by the petitioner is also without merit. The moneys paid out by the executor for the maintenance of the children of the testator were disbursed by him in his capacity of executor only. There has never been any turning over of moneys to himself as guardian. Hence these sums were properly credited in his account. Browne v. Bedford, 4 Dem. Sur. 304. The applications must be denied.

Applications denied.

---

(27 Misc. Rep. 77.)

### In re FOLEY'S ESTATE.

(Surrogate's Court, Otsego County. April, 1899.)

1. WILLS—VALIDITY OF DEVISE—RELIGIOUS SOCIETIES.
    The right of a church incorporated under Laws 1813, c. 60, to take by last will and testament, is not affected by provisions of Laws 1848, c. 319, § 6.

2. SAME.
    A church incorporated under Laws 1813, c. 60, is not affected by the general corporation law, religious corporation law, or the membership corporation law, with reference to its right to take property by will.

3. MISNOMER—EVIDENCE.
    Misnomer of a corporation devisee will not invalidate the devise, if the true object of the testator's bounty can be ascertained, and such name may be established by parol or other competent evidence.

Last will and testament of Mary Foley, deceased, contested. Will sustained.

James W. Tucker, for proponent.
A. R. Gibbs, for contestant.

ARNOLD, S. The paper writing here offered for probate, as the last will and testament of Mary Foley, deceased, was duly executed, published, and declared by her as and for her last will and testament in conformity with the laws of the state of New York, and is entitled to be admitted to probate.